IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

SEVAN MAROKY,

    Plaintiff,

-vs-

DANIEL MATTU an individual,
TIMOTHY MBAYAR, an individual,
and SPOTTED LAKES, L.L.C., a Texas Corporation

    Defendants.
_____/

Case No.: P16CV 04
Hon.:

**FILED**

JAN 0 8 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
             DEPUTY

ADAM P. PONTO (P74332)
ROBERT N. HESTON (P63934)
ELIA AND PONTO, PLLC
Attorneys for Plaintiff
25800 Northwestern Hwy., Ste.850
Southfield, Michigan 48075
(248)595- 8579
(248)595- 8729 fax
aponto@eliaandponto.com
rheston@eliaandponto.com
_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

           /s/   Adam P. Ponto
      Adam P. Ponto, Attorney for Plaintiff

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, SEVAN MAROKY, by and through his attorneys ELIA AND PONTO, PLLC, hereinafter referred to as Plaintiff, complaining of DANIEL MATTU, TIMOTHY MBAYAR

1

and SPOTTED LAKES, L.L.C., and for his cause of action against the Defendants would respectfully show unto the court as follows:

I.

1. That the Plaintiff, SEVAN MAROKY, is and has been at all times pertinent hereto, a resident of the Township of Clinton, County of Macomb, State of Michigan.

2. That the Defendant, DANIEL MATTU, based upon information and belief, is and has been at all times pertinent hereto, a resident of the City of Chandler, County of Maricopa, State of Arizona and may be served via certified mail, return receipt requested, or personally, at his last known address of 1750 W. Boston Street, Apartment 1116, Chandler, Arizona 85224.

3. That the Defendant, TIMOTHY MBAYAR, based upon information and belief, is and has been at all times pertinent hereto, a resident of the City of Lewisville, County of Denton, State of Texas, and may be served via certified mail, return receipt requested, or personally, at his last known address of 817 Summercreek Drive, Lewisville, Texas 75067.

4. That the Defendant, SPOTTED LAKES, L.L.C, based upon information and belief, is and has been at all times pertinent hereto, a Texas corporation doing business in the County of Reeves, State of Texas, and may be served via certified mail, return receipt requested, upon its registered agent, Tim M. Buffington, at 1995 Ranger Highway, Weatherford, Texas 76088.

5. That venue is proper because the event that made the basis of this action occurred in the Western District of Texas.

6. That this Court has jurisdiction based on diversity of citizenship and the amount in controversy being greater than $75,000.00.

II.

7. That Defendant DANIEL MATTU was a servant, agent, employee or otherwise professionally engaged with Defendant SPOTTED LAKES, L.L.C., and/ or Defendant TIMOTHY

MBAYAR, conducting business in the State of Texas and was in the process of conducting that business at the time of the motor vehicle accident in question.

8. That Defendant TIMOTHY MBAYAR was a servant, agent, employee or otherwise professionally engaged with Defendant SPOTTED LAKES, L.L.C., and/ or DANEL MATTU, conducting business in the State of Texas and was in the process of conducting that business at the time of the motor vehicle accident in question.

9. That Defendant SPOTTED LAKES, L.L.C., is a Texas Corporation doing business in the State of Texas and was in the process of conducting that business at the time of the motor vehicle accident in question.

10. This cause of action arises out of severe injuries sustained by Plaintiff on or about January 22, 2014, when Defendant DANIEL MATTU, a servant, agent or employee of Defendant SPOTTED LAKES, L.L.C., and/ or Defendant TIMOTHY MBAYAR, while driving a tractor- trailer caused a motor vehicle collision which resulted in severe and permanent injuries to Plaintiff. At the time of the loss, Defendant DANIEL MATTU, was acting through the course and scope of his employment with Defendants SPOTTED LAKES, L.L.C, and/ or Defendant TIMOTHY MBAYAR. Therefore, either, or both, Defendants SPOTTED LAKES, L.L.C., and TIMOTHY MBAYAR are liable to Plaintiff under the Doctrine of Respondeat Superior.

III.

11. Specifically, the Defendants, were negligent in the following manners:

    a. Failing to drive in a safe and prudent manner;

    b. Failing to yield the right of way;

    c. Failing to stop at a stop sign;

    d. Failing to timely apply his brakes;

    e. In operating the involved vehicle in an unsafe manner;

    f. In failing to keep a proper lookout;

    g. In driver inattention;

h.  Failing to hire, subcontract, or otherwise retain and employee prudent and competent drivers.;

i.  Failure to abide by any or all statutes set forth in the Federal Motor Carrier Safety Act.

j.  In allowing an unsafe motor vehicle to be operated on a public roadway;

k.  Failing to yield the right of way to the vehicle of the Plaintiff approaching from the opposite direction;

l.  Driving said vehicle on a highway or other area open to the general public in willful or wanton disregard for the safety of persons or property;

m.  Failure to abide by any or all rules and statutes set forth by the USDOT; and,

n.  Any other means that may be discovered through the discovery process.

12.  Each of these acts and omissions, singularly and in a combination with each other, proximately caused the damages as set forth herein.

IV.

13.  As a result of the above and foregoing, Plaintiff has been severely injured, and sustained substantial damages, as follows:

a.  Reasonable medical expenses in the past;

b.  Reasonable medical expenses needed in the future;

c.  Past, present and future pain and suffering;

d.  Mental anguish;

e.  Past, present and future physical impairment;

f.  Past, present and future physical disability;

g.  Disfigurement;

h.  Loss of earnings in the past; and,

4

      i.      Loss of earning capacity in the future.

V.

14. That the conduct of each Defendant constitutes that of gross negligence and entitles Plaintiff to exemplary damages.

15. Said damages exceed the minimum jurisdictional limits of the Court.

WHEREFORE, Plaintiff prays that the Defendants be cited in terms of law to answer and appear herein; that after a jury trial herein, Plaintiff have judgment against each Defendant for all of the above damages in an amount in excess of the minimum jurisdictional limits of the Court; for prejudgment interest; for interest on this judgment at the legal rate; for costs of court; and for such other and further relief, both general and specific as required by law.

RESPECTFULLY SUBMITTED,

ELIA & PONTO, PLLC

By: /s/ Adam P. Ponto
ADAM P. PONTO (P74332)
Attorneys for Plaintiff
25800 Northwestern Hwy., Suite 850
Southfield, MI 48075
(248)595- 8579
(248)595- 8729 fax

Dated: January 6, 2016